IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RICKEY SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  7:23-cv-00030-O |
| | § | |
| LOWE'S COMPANIES INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Plaintiff's Motion to Remand (ECF. No. 5) and Brief in Support (ECF No. 6), both filed April 19, 2023; Defendants' Response (ECF No. 9), and Appendix in Support (ECF No. 10), both filed May 10, 2023; and Plaintiff's Reply (ECF No. 11) and Appendix in Support (ECF No. 12), filed May 23, 2023. After reviewing the record before it, the Court finds that Defendants' Notice of Removal (ECF No. 1) was timely. Accordingly, Plaintiff's Motion to Remand is **DENIED.**

## I.     Background

On February 21, 2023, Plaintiff Rickey Smith filed a lawsuit against Defendants Lowe's Companies Inc., Lowe's Home Centers, Inc., and Lowe's Home Center, LLC over an alleged injury that occurred at one of their stores.[1] The next day, the Wichita County Clerk's office sent Defendants' registered agent for service, Corporation Service Company ("CSC"), a copy of the initial pleading and a request for disclosures via certified mail.[2] On March 30, 2023, Defendants filed their Notice of Removal.[3]

---

[1] Pl.'s Mot. to Remand 1, ECF No. 5.
[2] *Id.* at 1–2; Pl.'s Mot. to Remand, Ex. A, 4–5, ECF No. 5-1.
[3] Notice of Removal, ECF No. 1.

On April 19, 2023, Plaintiff filed his Motion to Remand, arguing that Defendants' removal from state court was untimely under 28 U.S.C. §1446(b)(1) because Defendants' registered agent was served with process on February 27, 2023—thirty-one days before March 30, 2023.[4] In support of this, Plaintiff proffers two documents: a printout of the online package tracking information and a verification of receipt from the U.S. Postal Service.[5] Both the tracking information and the verification of receipt indicate that Plaintiff's package was picked up from the postal facility on February 27, 2023.[6] The verification of receipt contains a section titled "Recipient Signature."[7] In that section are the signature and printed name of "Kevin Gonzalez" and an address of "CSC, 211 E. 7th, Austin TX 78701."[8] On May 10, Defendants filed their Response in Opposition, asserting that their removal was timely because their registered agent was not served with process until February 28, 2023.[9] In support, Defendants point to the Domestic Return Receipt, PS Form 3811, which indicates that the CSC received Plaintiff's certified mail package on February 28, 2023, when it was delivered to CSC by David Grant, an employee of Viva Tejas Logistics.[10] Defendant explains that Viva Tejas Logistics is a third-party courier service CSC uses to pick up and deliver mail to its registered office.[11] Plaintiff filed his Reply to Defendants' Response on May 23, 2023.[12] The Motion is now ripe for the Court's review.

---

[4] Pl.'s Mot. to Remand 1–2, ECF No. 5.
[5] Pl.'s App'x in Supp. 3, ECF No. 12; Pl.'s Mot. to Remand, Ex. B, ECF. No. 5-1.
[6] Pl.'s App'x in Supp. 3, ECF No. 12 ("Delivered, Individual Picked Up at Postal Facility"); Pl.'s Mot. to Remand, Ex. B, ECF. No. 5-1 (same).
[7] Pl.'s Mot. to Remand, Ex. B, 7, ECF. No. 5-1.
[8] *Id.*
[9] Defs.' Resp. 2–3, ECF. No 9.
[10] Defs.' Resp. 2–3, ECF. No 9; Defs.' App'x in Support 7, ECF No. 10.
[11] Defs.' Resp. 2, ECF No. 9.
[12] Pl.'s Reply, ECF No. 11.

II.     **Legal Standard**

     A.     **Notice of Removal and Remand**

For removal to be timely, notice must be "filed within 30 days" after the defendant receives a copy of the initial pleading, through service of process or otherwise. 28 U.S.C. § 1446(b)(1). The removal statute, 28 U.S.C. § 1441, is "strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281–82 (5th Cir. 2007). A removing defendant has the burden of establishing that removal was proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). "Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law." *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 352–53 (1999)).

     B.     **Service of Process**

"In removed cases, the question [of] whether the plaintiff has properly served the defendant is determined by reference to the applicable state law." *Armstrong v. Sw. Airlines Co.*, No. 3:20-CV-3610-BT, 2021 WL 4219706, at *2 (N.D. Tex. Sept. 15, 2021) (quoting *Thevenet, v. Deutsche Bank Nat'l Trust Co.*, No. 3:17-CV-1832-D, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017) (Fitzwater, J.)). Additionally, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Id.* (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "For a corporation, a registered agent acts as 'an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity.'" *HWAT, Inc. v. Agnew*, No. 02-

20-00301-CV, 2021 WL 1229960, at *2 (Tex. App.—Fort Worth Apr. 1, 2021, no pet) (quoting

Tex. Bus. Orgs. Code Ann. § 5.201(b)(1)).

## III.    Analysis

Plaintiff argues that Defendants' registered agent was served with process on February 27,

2023, making Defendants' attempt to remove from state court on March 30, 2023—thirty-one days

later—untimely.[13] Defendants counter that their registered agent did not receive service of process

until February 28, 2023, making their removal timely.[14] In support, Defendants provide the

Domestic Return Receipt, PS Form 3811, which indicates David Grant, an employee of Viva Tejas

Logistics, delivered the certified mail package to CSC on February 28, 2023.[15]

The United States Supreme Court has interpreted § 1446(b) as requiring formal service of

process upon a defendant before the thirty-day period begins to run. *Ellis v. Wells Fargo Bank,*

*N.A.*, No. 3:21-CV-01225-X-BH, 2021 WL 4976973, at *3 (N.D. Tex. Oct. 8, 2021), *report and*

*recommendation adopted*, No. 3:21-CV-01225-X, 2021 WL 4975739 (N.D. Tex. Oct. 26, 2021)

(citing *Murphy Bros.*, 526 U.S. at 344). Texas Rule of Civil Procedure 106 states: "[u]nless the

citation or an order of the court otherwise directs, the citation shall be served by . . . mailing to the

defendant by registered or certified mail, return receipt requested, a copy of the citation and of the

petition." Tex. R. Civ. P. 106(a)(2). "The officer of authorized person executing the citation must

complete a return of service. . . . When the citation was served by registered or certified mail as

authorized by Rule 106, the return by the officer or authorized person must also contain the return

receipt with the addressee's signature." Tex. R. Civ. P. 107(a), (c). Other district courts within the

Fifth Circuit have explained that "[i]f the individual who signs the receipt of delivery is not the

---

[13] Pl.'s Mot. to Remand 2, ECF No. 5.
[14] Defs.' Resp. 3, ECF. No 9.
[15] *Id.* at 2–3, ECF. No. 9; Defs.' App'x in Support 7, ECF No. 10.

addressee or an agent otherwise capable of receiving service, service of process is fatally flawed."

*McClure v. Life Time Fitness, Inc.*, No. H-13-1794, 2014 WL 801075, at *4 (S.D. Tex. Feb. 28, 2014). Where, like in this case, a corporation is acting as the registered agent for another corporation, "service is defective on its face if the green card or return receipt does not show 'the signatory's relationship to the registered agent.'" *Armstrong*, 2021 WL 4219706, at *3 (quoting *Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 384 (Tex. App.—El Paso Jan. 23, 2019, no pet)).

Plaintiff provides two documents to support his contention that Defendants were served on February 27, 2023—a printout from the U.S. Postal Service's online tracking system as well as a verification of receipt from the United States Postal Service.[16] Although both documents provide some indication that Plaintiff's package containing service of process was picked up on the morning of February 27, 2023, both documents fail to meet the requirements of service via certified mail under the Texas Rules of Civil Procedure.

The printout of the online tracking system fails to establish service for several reasons. It is not a return receipt, as required by Texas Rules of Civil Procedure 106(a)(2) and 107(c). The printout does not have the signature of the addressee, as required by Texas Rule of Civil Procedure 107(c). Nor does the printout draw a connection between the party who picked up the certified mail package and the addressee, CSC. Plaintiff's burden to prove effective service of process cannot be carried by this document.

The verification of receipt provided by the U.S. Postal Service, on its face, appears to meet many of the requirements of Texas Rules of Civil Procedure. It has a signature—that of a Kevin Gonzalez—as required by Texas Rule of Civil Procedure 107. The address under Mr. Gonzalez's

---

[16] Pl.'s App'x in Support 3, ECF No. 12; Pl.'s Mot. to Remand, Ex. B, ECF. No 5-1.

name—CSC, 211 E. 7th, Austin TX 78701—both contains an explicit reference to CSC and is acknowledged by Defendants as CSC's address for receiving service of process.[17] However, Defendants have indicated that the only Kevin Gonzales with any connection to Defendants or CSC was the co-owner of third-party courier service Viva Tejas Logistics who passed away in 2021—well before this suit was filed.[18] Plaintiff counters that someone took possession of the certified mail copy on February 27, whether it was Kevin Gonzales, or "a party purporting to be Kevin Gonzalez," and that person was clearly acting as an agent on behalf of CSC.[19]

The Court finds that the verification of receipt provided by Plaintiff does not adequately show that service was effectuated on February 27, 2023. Like the tracking information printout discussed above, the verification fails to provide a connection between the addressee, CSC, and the person who purportedly signed for the package. While on its face, it appears a Kevin Gonzales signed for the package on February 27, 2023, Defendants have provided a sworn declaration that Kevin Gonzales passed away in 2021.[20] The Court finds that the signature of a deceased person cannot function to prove service of process via certified mail. While Plaintiff contends that someone picked up the package on February 27 and that person was clearly acting as an agent on behalf of CSC, the Court finds that this argument falls short of meeting Plaintiff's burden to prove that service was properly effectuated.

Therefore, as neither document proffered by the Plaintiff—the printout or the letter—can carry Plaintiff's burden to prove service was effectuated on February 27, 2023, the Court concludes that Defendants' removal on March 30, 2023 was timely.

---

[17] Defs.' App'x in Support 3, ECF No. 10.
[18] *Id.* at 4.
[19] Pl.'s Reply 3, ECF. No. 11.
[20] *See* Defs.' App'x in Support 4 ¶ 11, ECF No. 10.

**IV.     Conclusion**

Because Plaintiff has not met his burden to establish that Defendants were properly served under Texas law on February 27, 2023, the Court concludes the Defendants' Notice of Removal was timely filed. Plaintiff's Motion to Remand is **DENIED.**

**SO ORDERED** this 11th day of August, 2023.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

7